**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| DANIEL BERUMEN,<br><br>            Plaintiff,<br><br>        v.<br><br>T. JONES, et al.,<br><br>            Defendants. | No.  2:23-CV-0898-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1   concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2   Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3   of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4   1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5   overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6   to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7   required by law when the allegations are vague and conclusory.

8

9                              **I. PLAINTIFF'S ALLEGATIONS**

10          Plaintiff names the following as defendants: (1) T. Jones, Correctional Officer; (2)

11   L. Carrasco, Sergeant; (3) M. Mayfield, Correctional Officer; (4) D. D'Angelo, Correctional

12   Officer; (5) K. Brown, Correctional Officer; (6) N. Cameron, Correctional Officer; (7) S. Arana,

13   Lieutenant; (8) D. Yanez, Sergeant; (9) R. Valine, Sergeant; (10) D. Stratton, Lieutenant, (11) M.

14   Gocheva, Sergeant; and (12) Jeff Lynch, Warden. ECF No. 1 at 2-3.  Plaintiff does not indicate

15   whether the Defendants are being sued in their individual or personal capacities. Plaintiff claims

16   that Defendants violated his rights under the Eighth and Fourteenth Amendments.  Id. at 4.

17          Plaintiff alleges that on November 16, 2022, Plaintiff's cellmate "Allen" locked

18   the cell door so that Plaintiff could not enter the cell.  See id.  Plaintiff contends that three days

19   prior, Defendant Jones was made aware that Plaintiff and Allen were incompatible cellmates. See

20   id.  In response to Allen locking the cell door, Plaintiff alleges that Defendants Jones, Carrasco,

21   Mayfield, and D'Angelo called for backup, which included "3 sergeants, 1 lieutenant, and a

22   couple other C/Os."  Id.  According to Plaintiff, upon opening the cell door, Allen informed the

23   above-mentioned Defendants that he would stab and assault Plaintiff if Defendants put him back

24   in the cell. See id. Plaintiff contends that Defendants advised Allen that they were only interested

25   in obtaining Plaintiff's property so they could rehouse him.  See id.  Subsequently, Plaintiff

26   alleges that Defendants opened the door, removed the tools used to lock the door, and forced

27   Plaintiff back into the cell. See id. at 5.  Specifically, Plaintiff states that Defendant Jones grabbed

28   him and placed him in the cell.  See id.

Plaintiff then states that upon entering the cell, he was attacked and stabbed by Allen.  See id.  Plaintiff contends that he was subsequently "sprayed," but does not indicate which, if any, of the Defendants sprayed him.  See id.  Plaintiff was then handcuffed and taken to receive medical treatment.  See id.  According to Plaintiff, Defendant Jones used unnecessary force when he forced Plaintiff down to his knees upon arrival at a holding cell.  See id.

Plaintiff then spoke with Sergeant Yarez and requested to speak with a lieutenant to report the incident and the unnecessary use of force by Defendant Jones.  See ECF No. 1 at 5. Plaintiff alleges that Sergeant Yarez refused and responded with "none of that happened," and proceeded to walk away. See id. Plaintiff also contends that he advised Defendant D'Angelo about Defendant Jones' use of force, but Defendant D'Angelo did not report the incident. See id. Plaintiff alleges that D'Angelo did confirm that officers found an inmate manufactured weapon in the cell after further investigation into the incident. See id.

Plaintiff argues that Defendants violated his rights under the Eighth Amendment when they knowingly put Plaintiff in danger and failed to protect Plaintiff from an inmate threatening harm. See id. at 6.  Plaintiff also maintains that there is video footage and witnesses available to corroborate Plaintiff's version of the incident.  See id. at 5.  Plaintiff seeks monetary and punitive damages.  See id. at 7.

## II.  DISCUSSION

Plaintiff presents a cognizable deliberate indifference safety claim against the defendants who returned him to his cell.  Plaintiff's excessive force claim is too conclusory to be cognizable, and Plaintiff cannot maintain claims against defendants he does not name and discuss in the body of the complaint.

### A.  Deliberate Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Plaintiff alleges that he warned that his cellmate would attack him if he was returned to his cell, but defendants returned him to his cell anyway; he was then attacked by his cellmate.  ECF No.1 at 4-5.  Plaintiff sufficiently pleads facts presenting a cognizable deliberate indifference claim based disregard for Plaintiff's safety.

1        **B.  Vague and Conclusory Claims**

2                Claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84

3     F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if

4     the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which

5     it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

6     with at least some degree of particularity overt acts by specific defendants which support the

7     claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

8     impossible for the Court to conduct the screening required by law when the allegations are vague

9     and conclusory.

10               Plaintiff alleges Defendant Jones used excessive force to take him to his knees

11    following the attack.  ECF No.1 at 5.  The complaint provides no other details about the use of

12    force.  Id.  Because there are no details describing the force used or what attempts to mitigate the

13    need for force were made (if any), the claim is too conclusory to be cognizable.

14       **C.  Listed Defendants not Connected to Violations**

15               To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

16    connection or link between the actions of the named defendants and the alleged deprivations.  See

17    Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

18    person 'subjects' another to the deprivation of a constitutional right, within the meaning of

19    § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

20    an act which he is legally required to do that causes the deprivation of which complaint is made."

21    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

22    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

23    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

24    specific facts as to each individual defendant's causal role in the alleged constitutional

25    deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

26    / / /

27    / / /

28    / / /

5

Defendants Brown, Cameron, Arana, Valine, Stratton, Gocheva, and Lynch are each listed by Plaintiff as defendants.  ECF No. 1. at 2-3.  However, they are not named in the body of the complaint.  See id.  Because the complaint does not allege they participated in the incident, it presents no cognizable claims against them.

**D.  Supervisor Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Defendant Warden Lynch, and any other supervisory defendants, may not be held liable merely because their employees violated the constitution.  See Ivey, 673 F.2d at 268.  The complaint does not allege Lynch had any personal involvement with the incident, so it does not present any cognizable claims against Lynch.  See ECF No. 1.

6

1

### III. CONCLUSION

2   Because it is possible that the deficiencies identified in this order may be cured by

3 amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

4 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

5 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

6 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

7 prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

8 amended complaint must be complete in itself without reference to any prior pleading.  See id.

9   If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

10 conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

12 each named defendant is involved, and must set forth some affirmative link or connection

13 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

14 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15   Because the complaint appears to otherwise state cognizable claims, if no amended

16 complaint is filed within the time allowed therefor, the Court will issue findings and

17 recommendations that the claims identified herein as defective be dismissed, as well as such

18 further orders as are necessary for service of process as to the cognizable claims.

19   Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

20 complaint within 30 days of the date of service of this order.

21

22 Dated:  August 7, 2023

23              _____

24              DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE

25

26

27

28